**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| FRANK A. ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-00900-PTG-WBP |
| v. | ) | |
| | ) | |
| KATHRYN A. HEWITT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Defendant Kathryn A. Hewitt ("Ms. Hewitt"), by counsel, states the following as her Answer to the Second Amended Complaint (the "SAC") of Plaintiff Frank A. Rose. Except as expressly admitted, Ms. Hewitt denies each and every allegation of the SAC. The headings and unnumbered introductory statements in the SAC are Plaintiff's characterizations to which no response is required; to the extent any is deemed an allegation of fact, it is denied.

## GENERAL DENIAL

Ms. Hewitt denies each and every allegation of the Second Amended Complaint ("SAC") not expressly admitted herein, including any allegation contained in a heading, subheading, or the WHEREFORE clause. Ms. Hewitt denies that Plaintiff is entitled to the relief requested in the SAC's prayer for relief, including subparts (a), (b), and (c), or to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof she would not otherwise bear, and reserving the right to amend or supplement as discovery proceeds, Ms. Hewitt asserts the following defenses:

**FIRST DEFENSE**

The SAC fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

To the extent Ms. Hewitt made any statements Plaintiff attributes to her, those statements are true or substantially true.

**THIRD DEFENSE**

Plaintiff cannot prove that Ms. Hewitt made false statements about Plaintiff.

**FOURTH DEFENSE**

Plaintiff cannot prove that Ms. Hewitt made statements about Plaintiff with reckless disregard for their truth.

**FIFTH DEFENSE**

Plaintiff cannot prove by clear and convincing evidence that any allegedly false statement made by Ms. Hewitt was made with actual malice.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the First Amendment to the United States Constitution.

**SEVENTH DEFENSE**

Ms. Hewitt is immune from civil liability and is entitled to recover her reasonable attorneys' fees and costs under Va. Code § 8.01-223.2(B).

**EIGHTH DEFENSE**

The SAC relies on subjective characterizations, rhetorical hyperbole, and expressions of opinion which are not provably false, and are therefore not actionable.

**NINTH DEFENSE**

Statements made during the course of an official Government inquiry are protected by absolute and/or qualified privilege, including the privilege attaching to statements made in the course of official and quasi-judicial proceedings. No privilege was abused or exceeded.

**TENTH DEFENSE**

Communications made in good faith on a subject in which the speaker has an interest or duty, to a person having a corresponding interest or duty in that same subject, are protected by absolute and/or qualified privilege. No privilege was abused or exceeded.

**ELEVENTH DEFENSE**

To the extent any claim rests on statements Ms. Hewitt made within the scope of her federal employment — as the United States has certified under 28 U.S.C. § 2679(d)(2) — the exclusive remedy lies against the United States under the Federal Tort Claims Act, any such claim sounding in defamation is barred by 28 U.S.C. § 2680(h), and Ms. Hewitt is immune from suit.

**TWELFTH DEFENSE**

To the extent the SAC re-pleads claims premised on statements Ms. Hewitt made within the scope of her employment during the Department of Energy's official inquiry, those claims exceed the leave to amend granted by the Court's June 18, 2026 Order and are barred. *See* ECF 34.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**FOURTEENTH DEFENSE**

Plaintiff cannot prove each and every element of his defamation claim.

**FIFTEENTH DEFENSE**

Plaintiff cannot prove each and every element of his defamation *per se* claim.

**SIXTEENTH DEFENSE**

Plaintiff cannot prove any discrete, actionable publication.

**SEVENTEENTH DEFENSE**

The alleged statements are not reasonably capable of the defamatory meaning ascribed to them and lack actionable defamatory sting.

**EIGHTEENTH DEFENSE**

The SAC fails to plead special or actual damages with the required particularity; Plaintiff's claimed damages are speculative, unsupported, and unrecoverable; and Plaintiff failed to mitigate his alleged damages.

**NINETEENTH DEFENSE**

Plaintiff cannot prove that Plaintiff is entitled to punitive damages.

**TWENTIETH DEFENSE**

To the extent Plaintiff has suffered any injuries, those injuries were caused by persons or causes other than Ms. Hewitt.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to duplicate recovery for the same alleged conduct.

**TWENTY-SECOND DEFENSE**

Any single, integrated publication gives rise to a single cause of action, regardless of the number of copies distributed or the number of times the publication has since been accessed, viewed, shared, or referenced in later reporting. Any subsequent access to, distribution of, or reference to that original publication does not constitute a new or separate publication, does not

give rise to a new or additional cause of action, and does not restart the running of the applicable statute of limitations.

**RESPONSES**

1. This Paragraph characterizes Plaintiff's claims and states legal conclusions to which no response is required. To the extent a response is required, Ms. Hewitt admits that she reported concerns about Rose's conduct toward her while she worked at the Brookings Institution ("Brookings"). She denies the remaining allegations of Paragraph 1.

2. Denied.

3. Denied.

4. Ms. Hewitt denies making any "false and defamatory statements." Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Rose is now falsely labeled a 'sexual harasser.'"

5. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent this paragraph presupposes "[Ms.] Hewitt's intentional publication and propagation of patently false allegations concerning Rose," denied.

6. Paragraph 6 alleges Plaintiff's purpose in bringing suit and requires no response; to the extent a response is required, denied.

7. Denied that Plaintiff is entitled to any damages. To the extent this paragraph presupposes that Ms. Hewitt has caused Rose "extreme harm[,]" denied.

8. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph. Admitted that Rose

formerly served as Principal Deputy Administrator of the National Nuclear Security Administration (NNSA).

9. Admitted that Ms. Hewitt is a competent adult residing in Alexandria, Virginia, and admitted that Ms. Hewitt was previously employed at the following employers: NNSA; U.S. Department of Defense; The Brookings Institute. To the extent that the allegation in this paragraph incorrectly states any other information about her prior employment, denied.

10. Paragraph 10 states a legal conclusion regarding jurisdiction to which no response is required; to the extent a response is required, Ms. Hewitt does not contest jurisdiction for purposes of this action only and denies any remaining allegations.

11. Paragraph 11 states a legal conclusion regarding venue to which no response is required; to the extent a response is required, Ms. Hewitt does not contest venue for purposes of this action only and denies any remaining allegations.

12. Admitted that Rose held the positions of "Principal Deputy Administrator of NNSA" and "senior fellow at Brookings." Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. Ms. Hewitt admits the allegations contained in the first sentence of this paragraph. Ms. Hewitt denies the remaining allegations contained in this paragraph.

15. Denied.

16. Ms. Hewitt admits that she requested acknowledgement of research assistant contributions at Brookings. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegation that alleged action "caused significant displeasure to Einhorn and

disrupted the established workflow." Ms. Hewitt denies any remaining allegations in this paragraph.

17. Ms. Hewitt admits that, at Brookings, she sought approval to attend a conference without being required to use personal leave. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegation that "the established policy require[ed] research assistance to use personal leave for such events[.]" Ms. Hewitt denies the remaining allegations in this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.[1]

30. Admitted that, after leaving Brookings in 2019 for a position at NNSA, Ms. Hewitt remained in professional contact with Rose. Ms. Hewitt denies the remaining allegations contained in this paragraph.

31. Admitted that, after leaving Brookings in 2019 for a position at NNSA, Ms. Hewitt remained in professional contact with Rose. Ms. Hewitt denies the remaining allegations contained in this paragraph.

[1] The SAC lacks paragraphs 24–29. Ms. Hewitt's answer therefore follows the SAC's numbering.

32. Ms. Hewitt admits that she requested a professional reference from Rose to the NNSA, but denies the remaining allegations contained in this paragraph.

33. Admitted that Rose provided a reference for Ms. Hewitt. Ms. Hewitt denies the remaining allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Admitted.

37. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence. Ms. Hewitt denies the remaining allegations contained in this paragraph.

38. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

39. Admitted that Ms. Hewitt's LinkedIn messages to Rose after her departure from Brookings made no reference to any allegations of sexual harassment by Rose. Ms. Hewitt denies the remaining allegations contained in this paragraph. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

40. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

41. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

42. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

43. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

44. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

45. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

46. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

47. This paragraph contains Rose's characterization of an alleged statement made in a separate record. Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

48. Admitted that Ms. Hewitt communicated with Rose by email and text message after leaving Brookings regarding professional matters. Ms. Hewitt denies the remaining allegations contained in this paragraph.

49. Ms. Hewitt admits that she notified Rose that, as her former employer, he should expect to be contacted about her security clearance application, as required by that process, not as a "reference."

50. Admitted that Rose agreed to do so, but Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

51. Admitted.

52. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

53. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

54. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

55. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

56. Admitted that Ms. Hewitt sent Rose a congratulatory message.

57. Admitted.

58. Admitted.

59. Admitted that, from approximately March 2020 to December 2023, Ms. Hewitt was previously employed in the Office of Communications/Public Affairs of NNSA.

60. Admitted that, while employed in the Office of Communications/Public Affairs of NNSA, Ms. Hewitt did not personally report to Rose. Denied that the Office of Communications/Public Affairs of NNSA directly reported to Rose as Principal Deputy Administrator for the entire time period during which Ms. Hewitt was employed at NNSA. Admitted that, while Ms. Hewitt was on detail to the U.S. Department of Defense, the Office of Communications/Public Affairs of NNSA began reporting to the Principal Deputy Administrator. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

61. Admitted.

62. Admitted that from approximately May 2022 to December 2023, Ms. Hewitt was assigned to a detail at the Department of Defense and, during that time, she was temporarily working at the U.S. Department of Defense, although her permanent employer remained NNSA. Ms. Hewitt denies the remaining allegations in this paragraph.

63. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

64. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

65. Denied that the Office of Communications/Public Affairs of NNSA directly reported to Rose as Principal Deputy Administrator for the entire time period during which Ms. Hewitt was employed at NNSA. Admitted that, while Ms. Hewitt was on detail to the U.S. Department of Defense, the Office of Communications/Public Affairs of NNSA began reporting to the Principal Deputy Administrator. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

66. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

67. Admitted that Rose initially declined to extend Ms. Hewitt's detail. Denied as to the remaining allegations contained in this paragraph. Additionally, Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Rose's rationale for initially denying the extension of Ms. Hewitt's detail at the Department of Defense.

68. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph..

69. Admitted that Ms. Hewitt communicated with Mr. Narang. Denied as to the characterization of that communication. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

70. Admitted that Rose ultimately approved the extension of Ms. Hewitt's detail. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

71. Admitted that, subsequent to the extension of her detail to the Department of Defense, Ms. Hewitt obtained a full-time position at the Department of Defense. Ms. Hewitt denies the remainder of the allegations in this paragraph.

72. Denied.

73. Denied.

74. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose sexually

harassed me at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose sexually harassed me at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

75. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank showed up in my cubicle at the Brookings Institution multiple times per day and stood uncomfortably close to me." Ms. Hewitt denies that, in April 2024, she said, "Frank showed up in my cubicle at the Brookings Institution multiple times per day and stood uncomfortably close to me," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote

a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

76. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, “Frank Rose regularly read over my shoulder and purposely put his face within inches of mine at the Brookings Institution.” Ms. Hewitt denies that, in April 2024, she said, “Frank Rose regularly read over my shoulder and purposely put his face within inches of mine at the Brookings Institution,” to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

77. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, “Frank Rose made inappropriate comments about my appearance at the Brookings Institution.” Ms. Hewitt denies that, in April 2024, she said, “Frank Rose made inappropriate comments about my appearance at

the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

78. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly commented on my appearance and complimented my legs if I wore skirts or dresses at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly commented on my appearance and complimented my legs if I wore skirts or dresses at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully

refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

79. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "At the Brookings Institution, Frank Rose regularly compared my looks to women he found attractive." Ms. Hewitt denies that, in April 2024, she said, "At the Brookings Institution, Frank Rose regularly compared my looks to women he found attractive," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

80. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose showed an alarming interest in my love life and asked me about my dating life almost every day at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose showed an

alarming interest in my love life and asked me about my dating life almost every day at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

81. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly stared at my chest and legs during meetings and would occasionally reach over to touch my knee or leg at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly stared at my chest and legs during meetings and would occasionally reach over to touch my knee or leg at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore,

Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent Paragraph 81 of the SAC contains any additional allegations, Ms. Hewitt denies them.

82. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly came up behind me and touched my shoulder or back at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly came up behind me and touched my shoulder or back at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

83. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose told me that he had inappropriate thoughts about me all the time at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose told me that he had inappropriate thoughts about

me all the time at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

84. Denied.

85. Denied. To the extent this paragraph presupposes Ms. Hewitt made the statements referenced in this paragraph, denied.

86. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan. Ms. Hewitt denies that anything she said to Amelia Morgan was false. Ms. Hewitt denies the remaining allegations in this paragraph.

87. Denied. To the extent this paragraph presupposes Ms. Hewitt made the statements referenced in this paragraph, denied.

88. Admitted.

89. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

90. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

91. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. To the extent this paragraph contains any additional allegations, Ms. Hewitt denies them.

92. Ms. Hewitt admits that Mike O'Hanlon's office was next to Rose's at Brookings. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

93. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Admitted that Rose "delay[ed]" Ms. Hewitt's intergovernmental detail. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

109. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

110. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

111. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

112. Ms. Hewitt denies that she made any defamatory statements about Rose. By way of further response, Ms. Hewitt avers that she reported Rose's conduct to Brookings management.

113. Ms. Hewitt denies that she made any defamatory statements about Rose. By way of further answer, Ms. Hewitt avers that, in or about February 2024, she provided testimony to the Department of Energy Office of Hearings and Appeals in the course of its official inquiry. Ms. Hewitt denies that any such testimony was defamatory. To the extent Paragraph 113 contains additional allegations, Ms. Hewitt denies them.

114. Ms. Hewitt denies that she made any defamatory statements about Rose. By way of further answer, Ms. Hewitt avers that, in or about February 2024, Ms. Hewitt provided testimony to the Department of Energy Office of Hearings and Appeals in the course of its official inquiry. Ms. Hewitt denies that any such testimony was defamatory. To the extent Paragraph 114 contains additional allegations, Ms. Hewitt denies them.

115. Ms. Hewitt denies that she made any defamatory statements about Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

116. Denied. To the extent this paragraph presupposes that Ms. Hewitt made "defamatory statements," denied.

117. Denied. To the extent this paragraph presupposes that Ms. Hewitt made "defamatory statements," denied.

118. Denied. To the extent this paragraph presupposes that Ms. Hewitt made "false and defamatory statements," denied.

119. Ms. Hewitt denies that she made any "false and defamatory statements" about Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

120. Denied. To the extent this paragraph presupposes that Ms. Hewitt made "false and defamatory statements," denied.

121. Denied.

122. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the statement referenced in this paragraph, denied.

123. Denied.

124. Denied.

125. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the statement referenced in this paragraph, denied.

126. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

127. Denied.

128. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the statement referenced in this paragraph, denied.

129. Denied.

130. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the statements referenced in this paragraph, denied.

131. Denied.

132. Ms. Hewitt denies that she made any "false and defamatory statements" about Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

133. Ms. Hewitt denies that she made any "false and defamatory statements" about Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

134. Ms. Hewitt denies that she made any "false and defamatory statements" about Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

135. Denied.

136. Ms. Hewitt denies that she made any "false" or "defamatory" statements regarding Rose. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

137. Ms. Hewitt denies making any defamatory statements to Politico. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

138. Ms. Hewitt denies making any defamatory statements to Politico. Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

139. Denied.

140. Admitted that Defendant participated in a public panel discussion concerning women in national security on or about July 17, 2024. The remainder of this paragraph purports to characterize or quote statements made during that panel discussion, to which no response is required. By way of further answer, Ms. Hewitt respectfully refers the Court to the cited material for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

141. Defendant incorporates by reference her foregoing responses to paragraphs 1-140 as though set forth fully here.

142. Denied.

143. Denied.

144. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose sexually harassed me at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose sexually harassed me at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore,

Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

145. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose showed up in my cubicle at the Brookings Institution multiple times per day and stood uncomfortably close to me." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose showed up in my cubicle at the Brookings Institution multiple times per day and stood uncomfortably close to me," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

146. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly read

over my shoulder and purposely put his face within inches of mine at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly read over my shoulder and purposely put his face within inches of mine at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

147. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose made inappropriate comments about my appearance at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose made inappropriate comments about my appearance at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations

contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

148. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly commented on my appearance and complimented my legs if I wore skirts or dresses at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly commented on my appearance and complimented my legs if I wore skirts or dresses at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

149. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "At the Brookings

Institution, Frank Rose regularly compared by [*sic*] looks to women he found attractive." Ms. Hewitt denies that, in April 2024, she said, "At the Brookings Institution, Frank Rose regularly compared by [*sic*] looks to women he found attractive," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

150. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose showed an alarming interest in my love life and asked me about my dating life almost every day at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose showed an alarming interest in my love life and asked me about my dating life almost every day at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori

Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

151. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly stared at my chest and legs during meetings and would occasionally reach over to touch my knee or leg at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly stared at my chest and legs during meetings and would occasionally reach over to touch my knee or leg at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

152. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to

Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose regularly came up behind me and touched my shoulder or back at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose regularly came up behind me and touched my shoulder or back at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore, Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

153. Ms. Hewitt admits that, in April 2024, she spoke with Amelia Morgan about many topics, and believes Mr. Rose was one such topic. But Ms. Hewitt lacks knowledge or information sufficient to form a belief about the truth of the allegations about what she specifically said to Amelia Morgan and, on that basis, denies that she said to Ms. Morgan, "Frank Rose told me that he had inappropriate thoughts about me all the time at the Brookings Institution." Ms. Hewitt denies that, in April 2024, she said, "Frank Rose told me that he had inappropriate thoughts about me all the time at the Brookings Institution," to any of the following individuals: Anna Navarro, Gregory Wolf, Faiza Frownfelter, Habiba Ahmed, Kristen Belle-Isle, Corey Broshak, Brandon Brown, Bruce Jones, Jesse Kornbluth, Filippos Letsos, Brendan Stickles, Mara Karlin, Leah Dreyfuss, Megan Anderson, Peter Chatigny, Tara Drozdenko, Amy Edelman, Madison Estes, Madeleine Foley, Paige Gasser, Erica Hanley, Anne Harrington, Jamie Lasser, Marissa Moore,

Leon Ratz, Tori Sanchez, Bernadette Stadeler, Angela Weaver, and Carrie Williams. To the extent the allegations contained in this paragraph purport to characterize or quote a document, Ms. Hewitt respectfully refers the Court to the cited record for a full and accurate statement of its contents and denies any allegation inconsistent therewith.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the statements referenced in this paragraph, denied.

159. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "defamatory statements" referenced in this paragraph, denied.

160. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "defamatory statements" referenced in this paragraph, denied.

161. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "defamatory statements" referenced in this paragraph, denied.

162. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "defamatory statements" referenced in this paragraph, denied.

163. Denied.

164. Denied. Defendant incorporates by reference her foregoing responses to paragraphs 1-163 as though set forth fully here.

165. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "false statements" referenced in this paragraph, denied.

166. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "accusations" or "defamatory statements" referenced in this paragraph, denied. Denied as to the allegations that Ms. Hewitt intended to or, "indeed did[,]" "prejudice" Rose. Ms. Hewitt incorporates her foregoing responses as though set forth fully herein.

167. Denied. To the extent this paragraph presupposes that Ms. Hewitt made the "defamatory *per se* statements" referenced in this paragraph, denied.

168. Denied.

The remaining portions of the SAC include Rose's request for relief, to which no response is required. To the extent a response is deemed necessary, Ms. Hewitt denies that Rose is entitled to any relief whatsoever.

Respectfully submitted,

_/s/ *Mary E. Kuntz*

Mary E. Kuntz
Virginia Bar No. 76947
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
akbarry@kcnlaw.com

*Attorneys for Defendant Kathryn A. Hewitt*

Dated: September 3, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2026, a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, which will send electronic notification of such filing to counsel of record for all parties.

/s/ *Mary E. Kuntz*

Mary E. Kuntz
Counsel for Defendant Kathryn A. Hewitt