**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FRANK A. ROSE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:26-cv-00900-PTG-WBP |
| KATHRYN A. HEWITT, | : | |
| Defendant. | : | |

**PARTIES' JOINT RULE 26(f) REPORT**

1. The following persons participated in a Fed. R. Civ. P. 26(f) conference on September 24, 2026 by Microsoft Teams Meeting:

   a. Anders Sleight, Esq. and James Figliozzi, Esq., representing Plaintiff;

   b. Brian Field, Esq., H. Christopher Bartolomucci, Esq., and Mary Kuntz, Esq., representing Defendant.

2. **The parties' claims and defenses.**

   a. Plaintiff claims that Defendant made defamatory statements to multiple individuals, both verbally and in writing, falsely asserting that Plaintiff subjected Defendant to sexual harassment and the Plaintiff retaliated against Defendant after Defendant made a report regarding Plaintiff's supposed harassment. A complete recounting of Plaintiff's claims appears in Plaintiff's Second Amended Complaint.

   b. Defendant asserts that she did not make any defamatory statements regarding Plaintiff.

3. **Potential for settlement.** Both parties are open to potentially settling this matter in the future. However, given their current positions, the parties agree that settlement discussions

are unlikely to be fruitful at this time. The parties plan on revisiting this issue during the course of discovery.

4. **Initial disclosures.**

   a. Plaintiff served his initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) on September 24, 2026;

   b. Defendant served her initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) on October 9, 2026.

5. **Subjects of discovery.**

   a. After the parties completed the Rule 26(f) conference, they served initial discovery requests on each other. Defendant served her objections on October 9, 2026. Plaintiff served his objections on October 19, 2026.

   b. Plaintiff anticipates seeking discovery on the following topics:

      i. Defendant's communications regarding Plaintiff, including, but not limited to, communications regarding Plaintiff and Defendant's overlapping time at the Brookings Institute and the National Nuclear Safety Administration/Department of Energy;

      ii. Documents reflecting the communications noted in 5.b.i.;

      iii. Information related to the communications noted in 5.b.i;

      iv. Documents, communications, and information related to Defendant's purported report to the Brookings Institution regarding Plaintiff;

      v. Documents, communications, and information related to Plaintiff's alleged retaliation against Hewitt as a result of her purported report to the Brookings Institution;

vi. Documents, communications, and information related to Defendant's statements regarding Plaintiff to media outlets, including, but not limited to, *Politico*;

vii. Documents, communications, and information related to any other claims contained in the Second Amended Complaint; and

viii. Documents, communications, and information related to any defenses raised by Defendant.

c. Defendant anticipates seeking discovery on the following topics:

i. Documents and information relating to Plaintiff's belief that Defendant made the statements listed in the Second Amended Complaint;

ii. Documents and information relating to Plaintiff's belief that Defendant's alleged statements were false;

iii. Documents, communications, and information relating to other individuals who claim to have experienced Plaintiff's sexual harassment; and

iv. Documents, communications, and information relating to Plaintiff's claim of harm.

6. **Discovery schedule.**

a. Plaintiff proposes the following discovery schedule:

i. Deadline for completing fact discovery – April 30, 2027

ii. Deadline for initial expert disclosures – February 19 , 2027

iii. Deadline for rebuttal expert disclosures – March 19, 2027

iv. Deadline for conducting expert depositions – April 30, 2027

v. End date for all discovery – April 30, 2027

vi. Deadline for filing dispositive motions – May 28, 2027

Plaintiff anticipates the need to conduct multiple non-party depositions. In light of the overlap between the upcoming holiday season and the discovery period, Plaintiff believes that it would be imprudent to require that all fact discovery be completed by February 1, 2027 as proposed by Defendant. The non-party witness depositions that Plaintiff anticipates taking will be related to Defendant's liability. As Plaintiff will only be utilizing damages experts, these non-party depositions are extremely unlikely to impact the parties' expert disclosures. In any event, absent significant unforeseen delays in completing document discovery, party depositions should be completed in advance of the February 1, 2027 deadline proposed by Defendant. Plaintiff is also cognizant of the expedited discovery schedules that are typically utilized in this Court. Accordingly, Defendant's characterization that Plaintiff is "unwilling to propose a schedule that had fact discovery concluding before expert discovery begins" is only true to the extent that Plaintiff does not wish to propose a prolonged discovery schedule that is inconsistent with this Court's practices. Plaintiff's proposed discovery schedule would confine discovery to approximately six months. If there were an extended fact discovery deadline followed by expert discovery, then it would take approximately ten months to complete discovery in this matter.

b. Defendant proposes the following discovery schedule:

i. Deadline for completing fact discovery – February 1, 2027

ii. Deadline for initial expert disclosures – February 19, 2027

iii. Deadline for rebuttal expert disclosures – March 19, 2027

iv. Deadline for conducting expert depositions – April 30, 2027

v. End date for all discovery – April 30, 2027

vi. Deadline for filing dispositive motions – May 28, 2027

Defendant proposes that fact discovery conclude by February 1, 2027. However, contrary to Plaintiff's suggestion above, Defendant is amenable to a different deadline for completing fact discovery. The only concern Defendant raised is her belief that fact discovery should close before expert discovery begins. If Plaintiff believes he needs additional time for non-party depositions, Defendant would support a proposal for a longer fact discovery period. However, by having fact an expert discovery overlap, there is a greater likelihood that fact depositions occur during the expert discovery period, thereby increasing the risk that the parties need to come back to the court to request more time to complete discovery. Because Plaintiff was unwilling to propose a schedule that had fact discovery concluding before expert discovery begins, Defendant provides her alternative schedule proposal.

7. **Discovery of electronically stored information.**

   a. Plaintiff's position

      i. Plaintiff believes that a standard protocol governing the collection and production of electronically stored information (including metadata) should be agreed upon in this matter.

      ii. Once the parties have agreed to such a protocol, the parties should exchange search terms related to their electronically stored information.

      iii. Once the parties have an agreement regarding search terms, such terms should be applied to the parties' electronically store information.

      iv. Following a review of potentially relevant documents and communications responsive to the agreed upon search terms, the parties should produce all relevant, non-privileged documents and communications.

v. Plaintiff contends that the above procedures are necessary in light of the methods of modern communication (*e.g.*, email, text messaging, social messaging) and Plaintiff's allegations that Defendant has deleted electronically stored information relevant to this case.

b. Defendant's position

i. Defendant agrees that the parties should collect and review electronically stored information (including metadata).

ii. Defendant agrees that the parties should enter a stipulation governing the production of electronically stored information.

iii. Defendant does not believe search terms should be negotiated. Rather, Defendant believes the parties should exchange document requests and search for responsive records, using search terms where appropriate. Adding another step in the process where the parties must negotiate search terms and raise issues with the Court where they cannot reach agreement on search terms typically results in a slower, less efficient process.

8. **Privileged/Trial Preparation Materials.**

a. The parties agree that, to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). Further, should an issue arise concerning privilege, the parties agree to work together to agree on a form privilege log and its required content. In any event, the parties will not be required to log communications with counsel of record in this matter.

b. The parties agree that privilege logs will be provided within seven (7) days after any document production.

c. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B). The parties request that the Court include this agreement in an order under Fed. R. Evid. 502.

9. **Changes to limitations on discovery.** The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties will confer regarding the number of non-party, non-expert depositions if either party believes that it will require more than the limit imposed by the Federal Rules of Civil Procedure, the Local Rules, or any Scheduling Order entered by this Court.

10. **Other Orders.** The parties do not request that any other orders not referenced above be entered at this time.

Respectfully submitted,

Dated: October 20, 2026

*/s/ Anders T. Sleight*

Anders T. Sleight, Esq. (VSB No. 84458)
Offit Kurman, P.A.
8000 Towers Crescent Drive, Suite 1400
Vienna, VA 22182
Phone: (703) 745-1852
Fax: (703) 745-1835
anders.sleight@offitkurman.com
*Counsel for Plaintiff*

Kimberly C. Lau, Esq.
(*admitted Pro Hac Vice*)
Offit Kurman P.A.
590 Madison Avenue, 6th Floor
New York, New York 10022
Phone: (212) 545-1900
Fax: (212) 545-1656
kimberly.lau@offitkurman.com

*Counsel for Plaintiff*

James Figliozzi, Esq.
(*admitted Pro Hac Vice*)
Offit Kurman P.A.
590 Madison Avenue, 6th Floor
New York, New York 10022
Phone: (212) 545-1900
Fax: (212) 545-1656
james.figliozzi@offitkurman.com

*Counsel for Plaintiff*

-and-

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci (VSB No. 37884)
Brian J. Field*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

* *Pro hac vice* motion pending

*Counsel for Defendant*

4908-5536-5594, v. 1